**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| ROBINSON REYES<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Montgomery County)<br><br>    Plaintiff,<br><br>v.<br><br>FISH TACO, INC.<br>d/b/a FISH TACO<br>6900 Wisconsin Avenue, Suite 702<br>Chevy Chase, MD 20815<br>(Montgomery County)<br><br>FISH TACO OF BETHESDA, INC.<br>d/b/a FISH TACO<br>6900 Wisconsin Avenue, Suite 702<br>Chevy Chase, MD 20815<br>(Montgomery County)<br><br>FISH TACO OF WOODMONT, LLC<br>d/b/a FISH TACO<br>6900 Wisconsin Avenue, Suite 702<br>Chevy Chase, MD 20815<br>(Montgomery County)<br><br>FARZIN SHARGHI NAMIN<br>9225 Potomac School Drive<br>Potomac, MD 20854<br>(Montgomery County)<br><br>MARIA ANGELICA GONZALEZ<br>CASTELLANOS<br>502 Mount Vernon Place, Apt. 2<br>Rockville, MD 20850<br>(Montgomery County)<br><br>    Defendants. | Civil Action No. _____<br><br>**COMPLAINT** |

## COMPLAINT

1. Defendants own and operate the "Fish Taco" restaurant chain, operating out of three branches: two in Bethesda, and one in Cabin John, Maryland. While Plaintiff worked for Defendants three restaurants, he was denied overtime wages.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because all of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

### Parties

5. Plaintiff Robinson Reyes is an adult resident of Montgomery County, Maryland.

6. Defendant Fish Taco, Inc. is a Maryland corporate entity. It does business as Fish Taco. Its principal place of business is registered at 6900 Wisconsin Avenue, Suite 702, Chevy Chase, MD 20815. It operates the Fish Taco branch located at 7945 Macarthur Blvd., Cabin John, MD 20818. Its resident agent for service of process is Farzin Namin, 6900 Wisconsin Avenue, Suite 702, Chevy Chase, MD 20815.

7. Defendant Fish Taco of Bethesda, Inc. is a Maryland corporate entity. It does business as Fish Taco. Its principal place of business is registered at 6900 Wisconsin Avenue, Suite 702, Chevy Chase, MD 20815. It operates the Fish Taco branch located at 10305 Old Georgetown Road, Bethesda, MD 20814. Its resident agent for service of process is Farzin Namin, 6900 Wisconsin Avenue, Suite 702, Chevy Chase, MD 20815.

8. Defendant Fish Taco of Woodmont, LLC is a Maryland corporate entity. It does business as Fish Taco. Its principal place of business is registered at 6900 Wisconsin Avenue, Suite 702, Chevy Chase, MD 20815. It operates the Fish Taco branch located at 7251 Woodmont Avenue, Bethesda, MD 20814. Its resident agent for service of process is Farzin Namin, 6900 Wisconsin Avenue, Suite 702, Chevy Chase, MD 20815.

9. Defendant Farzin Sharghi Namin is an adult resident of Maryland. He resides at 9225 Potomac School Drive, Potomac, MD 20854. He is an owner and officer of Defendant Fish Taco, Inc., Fish Taco of Bethesda, Inc., and Fish Taco of Woodmont, LLC. He exercises control over the operations of Fish Taco, Inc., Fish Taco of Bethesda, Inc., and Fish Taco of Woodmont, LLC — including their pay practices.

10. Defendant Maria Angelica Gonzalez Castellanos is an adult resident of Maryland. She resides at 502 Mount Vernon Place, Apt. 2, Rockville, MD 20850. She is an officer of Defendant Fish Taco, Inc., Fish Taco of Bethesda, Inc., and Fish Taco of Woodmont, LLC. She exercises control over the operations of Fish Taco, Inc., Fish Taco of Bethesda, Inc., and Fish Taco of Woodmont, LLC — including their pay practices.

**Factual Allegations**

11. Defendants own and operate three "Fish Taco" restaurants: "Cabin John" located at 7945 Macarthur Blvd., Cabin John, Maryland, 20818; "Fish Taco North Bethesda" located at 10305

Old Georgetown Road, Bethesda, MD 20814; and "Fish Taco Bethesda" located at 7251 Woodmont Avenue, Bethesda, MD 20814.

12. Plaintiff worked at the following branches of Fish Taco during the following approximate dates:

| Branch | Approximate Dates |
|---|---|
| Cabin John | Jun. 1, 2014–Oct. 27, 2019 |
| North Bethesda | Dec. 11, 2016–Oct. 27, 2019 |
| Bethesda | Sep. 11, 2019–Oct. 27, 2019 |

13. Plaintiff worked at all three Fish Taco branches as a kitchen laborer.

14. Plaintiff's job duties at all three Fish Taco branches primarily consisted of preparing and cooking food.

15. Across all three branches, Plaintiff typically and customarily worked six days per week.

16. Across all three branches, Plaintiff typically and customarily worked sixty hours per week.

17. At all relevant times, Defendants paid Plaintiff by the hour.

18. At all three branches, Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rates |
|---|---|
| Nov. 21, 2016–Feb. 28, 2017 | $12.00 |
| Mar. 01, 2017–Jan. 31, 2018 | $13.00 |
| Feb. 01, 2018–Mar. 24, 2019 | $13.50 |
| Mar. 25, 2019–Oct. 27, 2019 | $14.50 |

19. At all relevant times, Defendants paid Plaintiff by check.

20. Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

21. Defendants typically paid Plaintiff the same regular hourly rate across all hours worked.

22. Defendants did not always pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

4

23. For example, as seen on Exhibit 1, Defendants provided Plaintiff with three different paystubs for the pay period of September 11–25, 2019. Defendants paid Plaintiff $14.50 for each of the 120.77 hours worked across all three branches.

24. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $20,515.00 in overtime wages (excluding liquidated damages).

25. Defendant Farzin Sharghi Namin set, or played a role in setting, the Fish Taco's hours of operation.

26. Defendant Farzin Sharghi Namin personally set, or played a role in setting, Plaintiff's rate of pay.

27. At all relevant times, Defendants coordinated Plaintiff's schedule so as to not cause conflicts between the operations of the three branches.

28. In addition to Plaintiff, Defendants have employed other individuals to work at multiple branches during the same pay period.

29. Defendants have used the same managerial staff to operate the three branches. For example, Defendant Maria Angelica Gonzalez Castellanos is the executive restaurant manager of all three branches.

30. Defendants have shared ingredients and supplies between the three branches.

31. Rather than compete against each other, each Fish Taco branch advertises and promotes the other Fish Taco branches.

32. Defendant Maria Angelica Gonzalez Castellanos personally fired Plaintiff.

33. Plaintiff was simultaneously fired from all three Fish Taco branches.

34. Defendant Maria Angelica Gonzalez Castellanos coordinated Plaintiff's schedule between the three Fish Taco branches.

35. At all relevant times, Defendants had the power to hire and fire Plaintiff.

36. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

37. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

38. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

39. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

40. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

41. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

42. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

43. At all relevant times, Defendants had employees who handled food products, such as fish, that had been raised or caught outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

44. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

45. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

46. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

47. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

48. Defendants' violations of the FLSA were willful.

49. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

50. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

51. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

52. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

53. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

54. Defendants' violations of the MWHL were willful.

55. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

56. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

57. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

58. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

59. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

60. The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

61. Defendants violated the MWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime wages.

62. Defendants' violations MWPCL were willful.

63. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$61,945.00**, and grant the following relief:

    a.    Award Plaintiff $61,545.00, consisting of the following overlapping elements:

      i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

      iii.      three times the amount of unpaid overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.    Award Plaintiff reasonable attorney's fees and expenses;

d.    Award Plaintiff court costs (currently, $400.00); and

e.    Award any additional relief the Court deems just.

Date: November 22, 2019                Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*