**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627



# **MEMORANDUM**

**TO:** Counsel of Record

**DATE:** March 11, 2020

\* \* \* \* \* \* \* \* \*

The purpose of this Memorandum is to assist counsel in addressing common problems that arise in the settlement of actions brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. (2016).

FLSA settlement agreements must be approved by the Court. *See Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at \*\*1, 2 (D. Md. June 13, 2013) (citing *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Gionfriddo v. Jason Zink, LLC*, No.RDB-09-1733, 2012 WL 1077765, at \*2(D. Md. Mar. 29, 2012); *Hoffman v. First Student, Inc.,* No.WDQ-06-1882, 2010 WL 1176641, at \*2(D. Md. Mar. 23, 2010).

### I. Inapplicability of Fed. R. Civ. P. 41(a)(1)(A)[1]

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) makes dismissal under such rule "[s]ubject to...any applicable federal statute." *Minsterman v. S.L. Nusbaum Realty Co*., No. 10-303, 2011 WL 9687817, at \*1(E.D. Va. Jan. 21, 2011). Because the FLSA requires court approval of Fed.R.Civ.P.41 dismissals, "the parties may not effectuate such dismissal through use of a stipulation of dismissal." *Minsterman*, 2011 WL 9687817, at \*1.[2] Some courts have reached the opposite conclusion, see, e.g., *Picerni v. Bilingual Seit & Preschool Inc*., 925 F. Supp. 2d 368 (E.D.N.Y 2013)[3], but the objectives of the FLSA, as announced in *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945), cannot be guaranteed through the use of dismissals under Fed. R. Civ. P. 41(a)(1)(A) as a vehicle for avoiding court review and approval of FLSA settlements.

---

[1] One Maryland district court judge has correctly held that there is no 4th Circuit precedent on the question of whether parties can use Rule 41 to effect settlement in an FLSA case without court approval. *See Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407–08, n. 2(D. Md. 2014).

[2] Several district courts have held that the FLSA is one of the "applicable federal statutes" that limits the use of Rule 41(a)(1). *See, e.g., Armenta v. Dirty Bird Group, LLC.*, No. 13-cv-4603, 2014 WL 3344287, at \*3 (S.D.N.Y. June 27, 2014); *Socias v. Vornado Realty L.P.,* 297 F.R.D.. 38, 40-41 (E.D.N.Y. 2014); *Wolinsky v. Scholastic, Inc.*, 900 F.Supp. 2d 332, 340-41 (S.D.N.Y. 2012); *Dees v. Hydrady, Inc.*, 706 F.Supp. 2d 1227, 1244-47 (M.D. Fla. 2010).

[3] There are cases from the 2nd,5th,8th, 9th, 10th, 11th, & Federal Circuits that seem to suggest that court approval is not necessary in *all* FLSA cases.

## II. Factors Evaluated in the Approval of FLSA Settlements

The United States Court of Appeals for the Fourth Circuit has yet to address the factors to be considered in approving FLSA settlement agreements. *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014). District Courts in the Fourth Circuit, however, apply the test set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores v. U.S.*—the settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Saman*, 2013 WL 2949047, at * 3 (citing *Lynn's Food Stores*, 679 F.2d at 1354). Below is additional guidance on what constitutes a fair and reasonable solution of a bona fide FLSA dispute.

### A. Bona Fide Under the FLSA

The first requirement is that the settlement agreement shall involve a bona fide dispute as to FLSA liability. *Saman*, 2013 WL 2949047, at *3 (citing *Lane v. Ko-Me, LLC* , No. DKC-10-2261, 2011 WL 3880427, at **1, 2 (D. Md. Aug. 31, 2011)). The Court's determination is grounded in its review of the pleadings and representations in the proposed settlement agreement. *Duprey*, 30 F. Supp. 3d at 408 (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at **1, 16–17 (E.D. Va. 2009)).

The bona fides of the dispute are established by several factors: 1) the description of the dispute, 2) the description of the employer's rationale for disputing the employee's sought wages, 3) the description of the employee's justifications for being entitled to disputed wages, 4) the estimates of hours worked and applicable wages,[4] and 5) confirmation that the employee was not a subcontractor. *See Saman*, 2013 WL 2949047, at *3 (first citing *Dees v. Hydrady, Inc.*, 706 F. Supp. 2d 1227, 1241–42 (M.D. Fla. 2010); and then citing *Lomascolo*, 2009 WL 3094955, at *16).

### B. Fairness & Reasonableness of the Settlement

#### 1. Factors for Evaluating Fairness & Reasonableness

The second requirement is that the FLSA settlement shall be fair and reasonable. *Saman*, 2013 WL 2949047, at *3. The Court considers several factors in determining the reasonableness and fairness of FLSA settlement agreement: 1) the extent of discovery, 2) the stage of the proceedings, including the complexity, expense, and foreseeable duration of the litigation, 3) the absence of fraud or collusion in the settlement, 4) the experience of counsel who represented the plaintiffs, 5) the opinions of counsel, 6) the probability of the plaintiffs' success on the merits, 7) the difference between the settlement amount and the potential recovery, and 7) the reasonableness of the attorneys' fees. *See Duprey,* 30 F. Supp. 3d, at 409 (citing *Saman*, 2013 WL 2949047, at *3); *Saman*, 2013 WL 2949047, at *3 (citing *Lomascolo*, 2009 WL 3094955, at **10–16 (E.D. Va. 2009)); *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at **1, 2–4 (D. Md. Aug. 31, 2011); *see also LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 594 (E.D. Va. 2016) (citing *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014)).

---

[4] The Court encourages the parties to review the relevant regulatory framework providing guidance on compensation for hours worked. *See generally*, 29 C.F.R. 785.1 et seq. (2017).

2. Attorneys' Fees

With regard to the seventh factor, the FLSA guarantees the award of reasonable attorneys' fees to prevailing plaintiffs. 29 U.S.C. § 216(b) (2008); *Randolph v. Powercomm Construction, Inc.*, No. 16-3270, 2017 WL 5032476, at **1, 2 (4th Cir. Oct. 31, 2017). There is a well-established three step process for determining reasonable FLSA attorneys' fees: 1) the Court determines the lodestar figure by multiplying the number of reasonable hours by a reasonable rate,[5] 2) the Court subtracts fees for hours spent on unsuccessful claims unrelated to successful claims, and 3) the Court awards a percentage of the remaining amount depending on the degree of the plaintiff's success. *Randolph*, 2017 WL 5032476, at *2 (first citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013); and then citing *Brodziak v. Runyon*, 145 F.3d 194, 197 (4th Cir. 1998) (internal citations omitted)).

Consistent with 29 U.S.C. § 216(b), an employee "'should receive his full wages **plus** the [liquidated damages] penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946) (emphasis added)). Consequently, allowing a contingent fee arrangement that distributes a percentage of the damages award to the attorney, would, in effect, impermissibly allow an employee to waive both the statutorily-mandated attorneys' fees and the portion of his wages and liquidated damages allocated to attorneys' fees. *Walthour v. Chipio Windshield Repair, LLC*, 944 F. Supp. 2d 1267, 1272 (N.D. Ga. 2013), *aff'd*, 745 F.3d 1326 (11th Cir. 2014), *cert. denied*, 134 S. Ct. 2886 (U.S. 2014). Thus, contingent fee arrangements between plaintiffs and their attorneys in an FLSA case are presumptively inappropriate. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992) (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 411 (D. Md. 2014)("district court may abuse its discretion by granting attorneys' fees pursuant to a contingent-fee arrangement in an FLSA case").

The presumption against contingent fee arrangements in FLSA cases is rebutted if a court makes two findings: 1) the contingent fees were negotiated separately from the damages so that they did not infringe on the plaintiff's statutory award, and 2) the fees are reasonable. *See Harrington v. Empire Const. Co.*, 167 F.2d 389, 392 (4th Cir. 1948); *Silva v. Miller*, 307 Fed. App'x. 349, 351 (4th Cir. Jan. 13, 2009); *Lyle*, 954 F.2d at 988) ("[W]e must conclude that it was an abuse of discretion for the district court here to forgo the lodestar approach and to calculate reasonable attorney's fees by adopting instead the attorney's customary contingent-fee arrangement of 20 percent of the recovery."); *see also Lane v. Ko–Me, LLC,* No. DKC–10–2261, 2011 WL 3880427, at *3 (D.Md. Aug.31, 2011)(where a settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award of attorneys' fees must also "be independently assessed, regardless of whether there is any suggestion that a conflict of interest

---

[5] The factors for determining, in turn, reasonable hours and reasonable rates, are twelvefold: "1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Randolph*, 2017 WL 5032476, at *2 & n.2 (first citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978; and then citing *Georgia Highway Express Inc.*, 488 F.2d 714, 719 (5th Cir. 1974)). The Court may adjust the lodestar amount upward or downward at its discretion. *Lyle*, 954 F.2d at 989 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

taints the amount the wronged employee recovers under a settlement agreement").

### III. Confidentiality Provisions & Sealing Court Records

Parties frequently express concerns with regard to clauses in proposed settlement agreements. Please note that there is a common law right to inspect and copy judicial documents, and a presumption of public access to such documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (2014). Accordingly, a confidentiality clause in an FLSA settlement agreement is "not permitted without compelling reasons." *Salamone v. Balt. Diamond Exch., Inc.*, No. JKB-14-1507, 2014 WL 2930788, at *1 (D. Md. June 27, 2014) (citing *Carpenter v. Colonial Mgmt. Grp., LP*, No. JKB-12-686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012)). In *Carpenter*, a district court held that such a provision "contravene[d] the important purposes of the [FLSA] and defeat[ed] both public and private efforts to enforce it." 2012 WL 2992490, at *2. Employers' concerns with negative publicity or attention resulting from publicity of settlements does not in-and-of-itself outweigh the strong public interest in access. *Carpenter v. Colonial Mgmt. Grp., LP*, No. JKB-12-686, 2012 WL 2992490, at **1, 2 (D. Md. July 19, 2012)).

If the parties negotiate a settlement agreement of an FLSA claim that includes a confidentiality agreement, the attachment of that settlement agreement as an exhibit to a motion to approve the settlement may have the practical effect of rendering the confidentiality agreement nugatory. *See Salamone*, 2014 WL 2930788, at *1 (approving FLSA settlement agreement while noting that "the [confidentiality] provision is of no practical effect"). Accordingly, if the parties believe that sealing is appropriate, they must satisfy the standard set forth in *Doe v. Pub. Citizen, supra*,[6] and also the existing legal standards that govern motions to seal. *See Kianpour v. Rest. Zone, Inc.,* No. DKC 11-0802, 2011 WL 3880463, at *2 (D. Md. Aug. 30, 2011); *see also* Local Rule 105.11 (parties must propose reasons supported by specific factual representations justifying sealing judicial documents and explain why alternatives to sealing would be insufficient). Procedurally, then, if the parties stipulate to a confidentiality provision, a Local Rule 105.11 motion shall be filed and subsequently ruled upon before the Joint Motion for Approval of Settlement is filed and ruled upon.

---

[6] Courts have discretion to seal judicial documents, however, if the public's right of access is outweighed by competing interests. *Doe*, 749 F.3d at 266 (stating that the right of public access "'may be abrogated only in unusual circumstances.'") (citing *In re Wash. Post Co.*, 807 F.3d 383, 390 (4th Cir. 1986)).

## IV. Conclusion

Upon the execution of an FLSA settlement agreement, the parties shall file a Joint Motion to Approve Proposed Settlement Agreement. The memorandum in support shall make specific factual representations and legal arguments establishing that the settlement is fair and reasonable under factors specified above, and that it involves a bona fide dispute over FLSA liability. The parties shall attach to their pleading the proposed settlement agreement as an exhibit, as well as the evidence necessary to evaluate the reasonableness of attorneys' fees. A Local Rule 105.11 motion shall precede the motion to approve if the parties stipulate to a confidentiality clause.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge